UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARIA H. AGUADO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 10-0497 (RBW) |
| SUNTRUST BANK, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

In this action brought *pro se*, the plaintiff sues SunTrust Bank ("SunTrust") for negligence stemming from the loss of the contents of her safe deposit box. The defendant moves to dismiss pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment under Rule 56.[1] Because the parties agree that the complaint was filed beyond the District of Columbia's three-year statute of limitations applicable to negligence claims, and the record provides no basis for tolling the limitations period, the Court will grant the defendant's motion for summary judgment.

**BACKGROUND**

In her one-page complaint, the plaintiff alleges the following: "In the late 1970s[,] [she] opened a safe deposit box at the Suntrust Bank located at 17th & K Streets, N.W., Washington,

---

[1] The defendant correctly argues that process cannot be served at the P.O. Box address listed in the complaint. But the plaintiff is proceeding *in forma pauperis* and thus is relying on the court officers to effect service of process. *See* 28 U.S.C. § 1915(d) (2010). Because the plaintiff has not been afforded the opportunity to correct the service deficiency by providing a suitable address, the Court will not penalize her by dismissing the case under Rule 12(b)(5) for insufficient service of process.

D.C." Complaint ("Compl."). "Sometime in the 2000s," that SunTrust branch "disappeared due to building construction." *Id*. The plaintiff "made many efforts by phone and in person, accompanied by friends" to locate her safe deposit box but "was given the runarounds by Suntrust employees. . . ." She later learned that the safe deposit box "was put up for auction." *Id*.

By letter dated April 15, 2002, the defendant notified the plaintiff that her payment for the safe deposit box was past due and absent her payment in 60 days, the box would be repossessed. SunTrust Bank's Memorandum of Points and Authorities in Support of its Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment ("Def.'s Mem.") [Dkt. No. 5-1], Exhibit ("Ex.") A (Affidavit of Judy L. Rash in Support of SunTrust Bank's Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment ("Rash Aff.") ¶ 4 & Ex. B. By letter dated June 26, 2002, the defendant informed the plaintiff that it had indeed repossessed the box and stored the contents in the bank's vault. *Id*., Ex. A (Rash Aff.) ¶ 5 & Ex. C. The defendant further informed the plaintiff that if she failed to claim the contents and pay the amount due, $254.90, by December 6, 2002, the contents would be sent to the Department of Finance for the District of Columbia. *Id*., Ex. C. The plaintiff did not claim the June 26 letter, which was sent by certified mail. *Id*., Ex. A ¶ 7. The defendant's branch at 17th and K closed on Friday, September 6, 2002, and reopened the following Monday, September 9, 2002, a block away at 17th and I Streets, N.W. *Id*. ¶¶ 8, 10. Allegedly, "[a]ll customers of SunTrust Bank, including those with a safe deposit box, were notified of the branch's closing." *Id*. ¶ 9.

By letter dated March 23, 2006, addressed to the Office of the President of SunTrust Bank, the plaintiff recounted her history with the defendant and her efforts in 2002 and 2005 to

2

locate her safe deposit box. *Id.*, Ex. E. The plaintiff stated that she was told apparently weeks before she wrote the letter that her property was sold at auction in 2004. *Id*.

On March 26, 2010, the plaintiff, a resident of Takoma Park, Maryland, filed this action against SunTrust, which presumably was pursued as a diversity action because the plaintiff lists SunTrust's address as Richmond, Virginia, and demands $500,000 in monetary damages.[2] *See* Compl. The plaintiff alleges that she lost "irreplaceable" items, "such as the heirloom pair of diamond earrings that have been passed on in [her] family . . . for five generations [and] [her] father's ring [that] he gave [her] at [her] wedding." *Id*.

## DISCUSSION

### I. Standard of Review

Courts will grant a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 if "the pleadings . . . and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). When ruling on a Rule 56(c) motion, the Court must view the evidence in the light most favorable to the non-moving party. *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006) (citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000)). The Court must therefore draw "all justifiable inferences" in the non-moving party's favor and accept the non-moving party's evidence as true. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party, however, cannot rely on "mere allegations or denials," *Burke v. Gould*, 286 F.3d 513, 517 (D.C. Cir. 2002) (quoting *Anderson*, 477 U.S. at 248) (internal quotation marks omitted), and "must do more than simply show that there is some metaphysical doubt as to

---

[2] *See* 28 U.S.C. § 1332 (2010) (creating federal court jurisdiction over cases where the parties are of diverse citizenship and the amount in controversy exceeds $75,000).

3

the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Simply put, "conclusory allegations unsupported by factual data will not create a triable issue of fact." *Pub. Citizen Health Research Grp. v. FDA*, 185 F.3d 898, 908 (D.C. Cir. 1999) (internal quotation marks and citations omitted). Rather, to withstand a properly supported motion for summary judgment, the non-moving party must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). "[T]here is no [genuine] issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party," *Anderson*, 477 U.S. at 249 (citation omitted), and if the Court concludes that the evidence adduced by the non-moving party "is merely colorable . . . or is not significantly probative," *id*. (citations omitted), or if the non-moving party has otherwise "failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), then the moving party is entitled to summary judgment.

## II. Legal Analysis

Under the law of the District of Columbia applicable to this diversity action, *Smith v. Wash. Sheraton Corp.*, 135 F.3d 779, 782 (D.C. Cir. 1998), a claim for negligence must be brought within three years of the date the wrongful acts occurred, D.C. Code § 12-301(8) (2010); *see Tolbert v. Nat'l Harmony Mem'l Park*, 520 F. Supp. 2d 209, 211-12 (D.D.C. 2007) (listing negligence among claims with three-year limitation under § 12-301).

The plaintiff does not dispute that she filed her complaint beyond the limitations period. Plaintiff Motion to Oppose and Dismiss the SunTrust Bank Motion to Dismiss the Complaint and Plaintiff Motion to Oppose Summary Judgment ¶ 3 (acknowledging that the complaint "on

4

the surface appears not within the three-year statute of limitations"). She argues, however, that she should be excused from the limitations bar because of her correspondence and "numerous phone calls" to the defendant "all to no avail[,]" *id.*, and because she "did not receive Defendant's correspondence via U.S. Mail," *id*. ¶ 4, mailed to her in 2002.

It is a well-established principle of law that "[a] defendant who engages in 'inequitable conduct' can be equitably estopped from invoking the statute of limitations." *Jankovic v. Int'l Crisis Grp.,* 494 F.3d 1080, 1086 (D.C. Cir. 2007) (quoting *Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 278 (D.C. Cir. 2003)). "Similar to equitable estoppel, the doctrine of lulling applies when the defendant 'ha[s] done something that amounted to an affirmative inducement to plaintiffs to delay bringing action[.]' " *Id*. at 1087 (quoting *Bailey v. Greenberg*, 516 A.2d 934, 937 (D.C. 1986)) (other citation omitted; alteration in original); *see Monroe v. Williams*, 705 F. Supp. 621, 626 (D.D.C. 1988) ("It is clear from the case law that defendant must have somehow acted *affirmatively* to prevent plaintiff from filing his lawsuit.") (emphasis in original). "If equitable estoppel applies, the defendant's conduct 'postpones the date at which a court will consider the injury to have accrued[.]' " *Wiggins v. State Farm Fire and Cas. Co.*, 153 F. Supp. 2d 16, 20 (D.D.C. 2001) (quoting *Bailey v. Int'l Brotherhood*, 175 F.3d 526, 530 (7th Cir. 1999)). "The court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances . . . and does not extend to what is at best a garden variety claim of excusable neglect." *Washington v. Wash. Metro. Area Trans. Auth*., 160 F.3d 750, 753 (D.C. Cir. 1998) (internal citations and quotation marks omitted).

The plaintiff suggests that she was misled by the defendant's employees in 2002 when allegedly she was told that she "should wait for [her bank branch] to open again," and in 2005

when allegedly she was directed to the unclaimed property division for the State of Virginia. Def.'s Mem., Ex. E. By her own acknowledgment in her letter of March 23, 2006, sent to the office of the defendant's president, the plaintiff knew at least by that date that her property had been sold at auction in 2004. *Id*. Thus, at the latest, the plaintiff's claim accrued on March 23, 2006. Because the plaintiff does not allege that the defendant engaged in any misconduct between the accrual date and the limitations date of March 23, 2009, no basis exists for applying equitable estoppel to this action filed one year beyond the limitations period. *See Wiggins*, 153 F. Supp. 2d at 20-21 (determining that because "the conduct relied upon by plaintiff to support his equitable estoppel argument occurred before the statute of limitations began to run . . . , equitable estoppel . . . would not extend the date on which the statute of limitations began to run").

For the foregoing reasons, the Court finds that no genuine issue of material fact exists as to the untimeliness of the complaint. The defendant therefore is entitled to judgment as a matter of law.[3]

```
                                        _____s/_____
                                        Reggie B. Walton
DATE: September 29, 2010                United States District Judge
```

---

[3] A separate Order accompanies this Memorandum Opinion.